UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LONZO J. CLAY, ET AL.                          CIVIL ACTION

VERSUS                                         NO: 09-7625

NORTHROP GRUMMAN CORP., ET                     SECTION: "A" (2)
AL.

### ORDER AND REASONS

Before the Court is a **Motion to Strike Consents and Bar Additional Consents and Notification of Potential Opt-In Plaintiffs (Rec. Doc. 51)** filed by defendant Northrop Grumman Shipbuilding, Inc.  Plaintiffs Lonzo J. Clay, *et al.* oppose the motion.  The motion, set for hearing on May 26, 2010, is before the Court on the briefs without oral argument.

This is a putative collective action against Northrop Grumman Shipbuilding, Inc. ("Northrop") seeking hourly and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Plaintiffs are current and former hourly employees who worked at Northrop's shipbuilding facilities in Avondale, Louisiana and Pascagoula, Mississippi as non-exempt employees entitled to minimum wage, regular wage, and overtime pay.

Via the instant motion Northrop complains that 146 consents to opt in have already been filed in this case and that

Plaintiffs' counsel is continuing to provide notice to putative class members and to obtain consents, all without court approval. Northrop moves the Court to strike the existing consents, to bar the filing of additional consents, and to preclude Plaintiffs' counsel from obtaining additional consents without Court approval. Northrop contends that all of Plaintiffs' actions are premature until the Court conditionally certifies an opt in class.

At Northrop's urging, and over Plaintiffs' objection, the Court agreed to hold much of this case in abeyance pending the Court's ruling on Northrop's motion to dismiss. (See Rec. Docs. 24, 34, & 37). Meanwhile the statute of limitations continued to run against Plaintiffs' except for the brief tolling period that Northrop agreed to in Joint Case Management Order No. 1 (Rec. Doc. 37). In return for the brief tolling period Plaintiffs agreed that they would not seek conditional certification until after the Court ruled on Northrop's motion to dismiss. (Id.).

The estimated size of the putative class numbers in the thousands. Northrop has not answered the complaint to date and Plaintiffs have yet to file their motion for conditional certification because the Court ruled on Northrop's motion to dismiss yesterday (June 7, 2010). The agreed tolling period only lasts for 45 days after the Court's ruling on Northrop's motion to dismiss. The Court cannot guarantee that it will have a

ruling issued on the certification issue prior to the expiration of the agreed tolling period given that the certification issue will be presented via a motion that has yet to be filed.  If Plaintiffs are not allowed to pursue their current course of action then any unavoidable delay in the Court's ruling on the certification issue will severely prejudice Plaintiffs' rights. Northrop is always free, however, to stipulate to a tolling time that post-dates the Court's ruling on the certification issue. Until such a stipulation is reached by the parties, Northrop's motion is DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike Consents and Bar Additional Consents and Notification of Potential Opt-In Plaintiffs (Rec. Doc. 51)** filed by defendant Northrop Grumman Shipbuilding, Inc. is **DENIED**.

June 8, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE