# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONZO J. CLAY, et al.** | **CIVIL NO. 09-7625** |
| **VERSUS** | |
| **HUNTINGTON INGALLS, INC.** | **SECTION: G** |

### ORDER AND REASONS

Before the Court is Defendant Huntington Ingalls, Inc.'s ("Defendant") Motion to Dismiss Opt-In Plaintiffs, filed October 13, 2011.[1] The motion was set for submission on November 9, 2011. Plaintiffs filed their untimely[2] response in opposition on November 10, 2011.[3] Following leave of Court, Defendant filed its reply on November 23, 2011.[4] Having considered the motion, the untimely response, the reply, the record, and the applicable law, the Court will grant the motion.

### I. Background

The four named plaintiffs in this suit, Lonzo J. Clay, Jean L. Guerrier, Randy James, and Kassandra Paul ("Named Plaintiffs") filed, on December 12, 2009,[5] a putative collective action against their employer, Defendant, seeking hourly and overtime compensation under the Fair Labor

---

[1] Rec. Doc. 111.

[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. This Court has authority to grant a motion as unopposed, although it is not required to do so. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 112.

[4] Rec. Doc. 116.

[5] Rec. Doc. 1.

1

Standards Act ("FLSA").⁶ Specifically, Named Plaintiffs contend that they are required to work off the clock for pre-shift work and during meal break work. Since the filing of this action, more than 300 employees of Defendant have filed notices of consent seeking to opt-in to the putative class action ("Opt-In Plaintiffs").

On October 25, 2010, Named Plaintiffs and Opt-In Plaintiffs (collectively, "Plaintiffs") filed a Motion for Conditional Certification of their class,⁷ which United States District Court Judge Jay Zainey denied on September 29, 2011 when he held that the claims were not appropriate for representative, collective treatment.⁸ The case was then reassigned to this Section, Section "G", on October 7, 2011.⁹

On October 13, 2011, Defendant filed the present Motion to Dismiss Party Opt-In Plaintiffs Without Prejudice,¹⁰ seeking to have dismissed without prejudice the greater than 300 individuals who filed notices of consent seeking to opt-in to this suit. The motion was set for submission on November 9, 2011, and timely opposition was not filed. However, Plaintiffs filed an untimely Response to Defendant's Motion to Dismiss Opt-In Plaintiffs on November 10, 2011.¹¹ The Court is not required to consider untimely pleadings.¹² In their response, Plaintiffs request this Court to

---

⁶ 29 U.S.C. § 201, *et seq.*

⁷ Rec. Doc. 75.

⁸ Rec. Doc. 109.

⁹ Rec. Doc. 110.

¹⁰ Rec. Doc. 111.

¹¹ Rec. Doc. 112.

¹² *Frick v. Quinlin*, 631 F.2d 37, 40 (5th 1980) (stating that the district court is free to consider or to disregard an untimely response).

2

convert Opt-In Plaintiffs into original plaintiffs in the case, or alternatively, to dismiss Opt-In Plaintiffs without prejudice but to grant a stay so as to toll the statute of limitations regarding Opt-In Plaintiffs' claims. Plaintiffs requested the Court stay dismissal for an additional 90 days following the Court's decision on the motion to dismiss.[13] Defendant sought leave to reply to the untimely opposition, which this Court granted.[14] Defendant filed its Reply Memorandum in Support of Motion to Dismiss Opt-In Plaintiffs, in which Defendant argues that neither conversion of Opt-In Plaintiffs into original plaintiffs nor a stay is warranted here, on November 23, 2011.[15]

## II. Law and Analysis

### A. Overview of FLSA Class Actions

The FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for employees who are not excepted because they hold an executive, administrative, or professional position.[16] The Act also creates a private right of action for employees when these rights are violated.[17] An action seeking such relief may be maintained against the employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[18]

---

[13] Plaintiffs requested 90 days "due to the impending holiday season and size of the opt-in group." Rec. Doc 112 at p. 3.

[14] Rec. Doc. 115.

[15] Rec. Doc. 116.

[16] 29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1). The employer bears the burden of proving the applicability of an exemption. *Corning Glass Works v. Brennan*, 417 U.S. 188, 197 (1974).

[17] 29 U.S.C. § 216(b) (providing in relevant part that "[a]ny employer who violates the provisions of [the FLSA] shall be liable to the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in the additional equal amount of liquidated damages").

[18] *Id*.

Such an action is referred to as a collective action. However, the FLSA does not define the requirements for employees to be deemed "similarly situated."

A two-step method, originally articulated in *Lusardi v. Xerox Corporation*[19] is routinely utilized to determine the appropriateness of certification of a collective action. Under this approach, the plaintiff moves for conditional certification of his collective action.[20] For purposes of conditional certification under Section 216(b) of the FLSA, the term "certification" refers to the process by which the Court facilitates notice to potential plaintiffs of the pendency of the action and their opportunity to opt-in.[21] The Court first determines at the notice stage whether notice should be given to potential members of the class action, and this determination is usually made on the basis of "only . . . the pleadings and any affidavits."[22] Because the Court typically has little evidence at this stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[23] Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan"[24] and only a modest factual basis is required. While certification is by no means automatic, it is probable at this stage.[25] Only those employees who affirmatively opt-

---

[19] 118 F.R.D. 351 (D.N.J. 1987).

[20] *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916 n. 2 (5th Cir. 2008).

[21] *Hoffman-LaRouche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

[22] *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

[23] *Id.* at 1214.

[24] *Id.*

[25] *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 797-98 (E.D. La., June 27, 2007) (Fallon, J.) (citing *Mooney*, 54 F.3d at 1213-14).

in to the suit are bound by a collective action under 29 U.S.C. § 216(b),[26] although some potential plaintiffs may choose to opt-in even before notice is sent.

If conditional certification is granted, the case then proceeds through discovery as a class action to the merits stage, at which time Defendants may move for decertification.[27]  At that time, the Court must make a factual determination as to whether there are similarly-situated employees who have opted-in.[28]  A more stringent approach governs, and *Lusardi* applies a three-factor test considering: (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural considerations.[29]  If the Court determines that employees are similarly situated, the collective action may proceed, but if the Court determines that employees are not similarly situated, the Court must dismiss the opt-in employees, leaving only the named plaintiffs' original claims.[30]

Although the more lenient *Lusardi* approach is the more common approach and routinely utilized by courts in this District,[31] it is not the only recognized method for conditional class

---

[26] "[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

[27] *Mooney*, 54 F.3d at 1214.

[28] *Sandoz*, 553 F.3d at 916 n. 2 (citing *Mooney*, 54 F.3d at 1213-14).

[29] *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167 at *5 (E.D. La. 2008) (Barbier, J.) (quoting *Johnson v. Big Lots Stores, Inc.*, 561 F.Supp.2d 567, 573 (E.D. La. 2008) (Vance, C.J.) (conditional certification the majority approach)).

[30] *Sandoz*, 553 F.3d at 916 n. 2.

[31] *See, e.g., Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 U.S. Dist. LEXIS 48525 (E.D. La. 2008) (Feldman, J.); *Johnson*, 561 F.Supp.2d at 569; *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005).  *See also*, 7B C. Wright & A. Miller, Federal Practice & Procedure § 1807 (3d ed.2002) (stating that "most courts in collective actions follow a two-stage certification process").

certification, even within this District.[32] The Fifth Circuit has recognized a second method of analysis, characterized by *Shushan v. University of Colorado*.[33] Under this *Shushan* analysis, plaintiffs must prove the existence of a definable, manageable class, as well as that plaintiffs are proper representatives of the class.[34] This requires plaintiffs to provide individualized proof that the claims of every single opt-in plaintiff can be presented to a jury with some measure of efficiency, and the analysis is more akin to that for class certification under Rule 23 of the Federal Rules of Civil Procedure.[35]

In this case, Judge Zainey opted to apply an approach somewhat in between *Lusardi* and *Shushan*, determining that a "more demanding analysis of the certification issue [was] appropriate in light of the substantial discovery that [had] taken place . . . ."[36] Because of the substantial amount of discovery that had been conducted, he looked at the outset to standards commonly employed at the second step of the *Lusardi* analysis. Judge Zainey ruled that "[t]he collective action mechanism of the FLSA serves no utility if thousands of plaintiffs join together in one lawsuit only to then try their claims individually"[37] and determined that because of information revealed through discovery, "the Court should [not] simply ignore the fact that certain individualized defenses might apply and postpone the issue until decertification."[38] Therefore, the Court declined to "blithely certify the

---

[32] In fact, Judge Zainey declined to apply the *Lusardi* approach in this case.

[33] 132 F.R.D. 263 (D. Colo. 1990).

[34] *Shushan*, 132 F.R.D. at 268.

[35] *See id*. at 268

[36] Rec. Doc. 109 at p. 12.

[37] *Id*.

[38] *Id*.

action with a blind eye toward deficiencies that discovery has already revealed,"[39] and denied Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights.[40]

### *B. Motion to Dismiss Opt-In Plaintiffs*

When a court declines to certify a class under the FLSA, the claims of the opt-in plaintiffs can no longer proceed as such. As a result, courts typically dismiss the claims of the opt-in plaintiffs without prejudice.[41] Here, Plaintiffs instead seek to convert Opt-In Plaintiffs into named plaintiffs, such that the suit could proceed with all individuals who have opted-in to this action.

Plaintiffs do not cite to, and the Court could not find, any authority that specifically analyzes available remedies when opt-in plaintiffs are deemed not to be similarly situated, but courts within the Fifth Circuit have couched their dismissals without prejudice in mandatory language, finding that the court "must" dismiss the claims of opt-in plaintiffs found not to be similarly situated, leaving only the original claims of the named plaintiffs.[42] The few cases that have allowed opt-in plaintiffs to be converted into original plaintiffs have been from courts outside of this Circuit and have involved situations where the denial of certification was specifically rendered without prejudice such

---

[39] *Id.* at pp. 12-13.

[40] *Id.* at p. 29.

[41] *See, e.g., Sandoz*, 553 F.3d at 916 n.2; *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3, 8 (E.D. La., July 2, 2004) (Duval, J.); *England*, 370 F.Supp.2d at 504; *see also*, *Mooney*, 54 F.3d at 1214 ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.").

[42] *Sandoz*, 553 F.3d at 916 n. 2.

that plaintiffs had leave to redefine the class.[43]

Plaintiffs have identified no cases where a court within the Fifth Circuit has allowed opt-in plaintiffs deemed not to be similarly situated, such that collective certification was denied, to then join the case as named plaintiffs. Plaintiffs articulate no reason for their request, and further, the effect of granting their request would be to create the same unmanageable situation that Judge Zainey sought to avoid in denying collective certification. Accordingly, to now allow the Opt-In Plaintiffs to be converted into named plaintiffs would violate the policies and practical considerations underlying the decision not to certify the collective action in the first place. Plaintiffs have cited no authority to overcome the presumption, contained within the mandatory language of prior cases, that dismissal without prejudice is the appropriate and necessary remedy here. Therefore, the Court will dismiss without prejudice the Opt-In Plaintiffs in this matter.

### C. Plaintiffs' Request that the Court Stay Dismissal to Equitably Toll the Action

The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[44] "A district court may refuse to toll limitations because it interprets a statute or regulation to prohibit tolling or because it refuses to exercise its equitable discretion to toll."[45] Principles of equitable tolling apply in FLSA actions.[46] Therefore, the decision

---

[43] *See, e.g., Bamgbose v. Delta-T Group, Inc.*, 724 F.Supp.2d 510, 514 (E.D. Pa. 2010); *White v. Kcpar, Inc.*, No. 6:05-cv-1317, 2006 WL 1722348, *1 (M.D. Fla., June 20, 2006).

[44] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quotation omitted).

[45] *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002) (citations omitted).

[46] *Morales v. Bimbo's Best Produce, Inc.*, No. 08-5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (McNamara, J.); *Sandoz*, 769 F.Supp. 2d at 1063 (citations omitted).

of whether to toll rests within the discretion of the district court and where the district court "declines to exercise its equitable powers," the appellate court will review only for abuse of discretion.[47]

The burden to prove that equitable tolling is warranted rests squarely on the party seeking to invoke tolling.[48] Furthermore, equitable tolling applies in "rare and exceptional circumstances,"[49] principally where a plaintiff "is prevented in some extraordinary way from asserting his rights,"[50] and the remedy is available only where a plaintiff "diligently pursues his or her rights."[51]

In this action, Plaintiffs request that the Court's dismissal be made effective ninety days from the issuance of the dismissal order, citing numerous cases in which courts have granted stays to allow the dismissed opt-in plaintiffs to individually pursue their claims.[52] However, in each of the cases cited by Plaintiffs, the stay was granted as part of the order denying certification and was intended to provide opt-in plaintiffs with reasonable time to file individual suits once they received

---

[47] *Id.*

[48] *Teemac*, 298 F.3d at 457 (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th 1995); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992)).

[49] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[50] *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996).

[51] *Montelong v. Housing Auth. of El Paso*, No. 09-0388, 2010 WL 3239235 (W.D. Tex. Aug. 13, 2010) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005); *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[52] *See, e.g., England,* 370 F.Supp.2d 504, 511-12 ("The Court shall withhold entry of final judgment granting [the motion] to give each individual plaintiff who wishes to proceed with an individual claim to file suit in this district within 30 days."); *Johnson v. TGF Precision Haircutters, Inc.*, No. H-03-3641, 2005 WL 1994286, at *8 (S.D. Tex., Aug. 17, 2005) ("To avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statutes of limitations for 30 days after the entry of this Order.").

notice that their claims were dismissed.[53] Plaintiffs have cited no case law, and the Court has been unable to locate any cases, where collective certification was denied and opt-in plaintiffs were not dismissed from the suit for a lengthy period of time but the Court then allowed the opt-in plaintiffs additional time beyond the gap between the denial of certification and the dismissal order.

Furthermore, Plaintiffs cannot be said to have "diligently pursue[d their] rights"[54] given that their request for a stay to equitably toll their claims was untimely asserted in a response to a related motion *filed eight days late and, indeed, filed after the noticed submission date for the motion had passed*. Additionally, the Court notes that Opt-In Plaintiffs should have already received notice over five full months ago that the case would not proceed as a collective action.[55] Therefore, Opt-In Plaintiffs have already been granted a lengthy period of delay, even greater than the time requested, and Plaintiffs have not demonstrated that Opt-In Plaintiffs will be prevented from pursuing their rights. Plaintiffs have provided nothing to suggest that equitable tolling is warranted here, much less have Plaintiffs carried their burden to show the type of exceptional circumstances typically required to merit equitable tolling. Therefore, the Court declines to exercise its discretion to grant a stay.

### III. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Party Opt-In Plaintiffs is

---

[53] One court has later chosen to toll the statute of limitations regarding opt-in plaintiffs, but it did so by amending its prior order to include a 30-day toll regarding the dismissal of opt-in plaintiffs without prejudice. *Faison v. Texas EZPawn, L.P.*, No. G-07-067, 2007 WL 1481047, at *1 (S.D. Tex., May 21, 2007).

[54] *Montelong*, 2010 WL 3239235.

[55] Judge Zainey denied collective action status on September 29, 2011. Rec. Doc. 109.

GRANTED and Opt-In Plaintiffs are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' request that the Court grant a stay so as to toll the statute of limitations regarding Opt-In Plaintiffs' claims is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  13th  day of March, 2012.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**